UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA (Rural Development),<br><br>      Plaintiff<br><br>           v.<br><br>LUIS ANGEL NAZARIO RODRIGUEZ, et al.,<br><br>      Defendants | CIVIL NO. 04-2258 (JP) |

**JUDGMENT BY DEFAULT**

    The Court has before it Plaintiff's motion for default judgment (**No. 12**). The motion is **GRANTED**. Upon Plaintiff's motion for judgment, and it appearing from the records of the above-entitled cause that default was entered by the Clerk of this Court against Defendants for their failure to plead or file an answer to the Complaint or otherwise appear in the above cause, Plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts,

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    1. On April, 10, 1980, original borrowers subscribed a Mortgage Note for the principal amount of $27,500.00 with interest at the rate of 10% per annum.

    2. Said Mortgage Note was subscribed in favor of or to the order of Rural Development, an agency and instrumentality of the United States of America.

CIVIL NO. 04-2258 (JP)            -2-

    3.   For the purpose of securing the payment of said Mortgage Note:

        a) A first mortgage was constituted in the amount of $27,500.00 with interest rate at 10% per annum by José Luis Burgos Morales and Madelyn López Orengo in favor of Plaintiff and under the terms and conditions stipulated and agreed therein, through Deed Number 38, dated April 10, 1980, before Notary Public Xavier R. Torres Villa.  Said mortgage was duly recorded at the corresponding section of the Property Registry.

        b)  On July 31, 1986, Luis Manuel Rosado Báez and Ilián Tollinchi Torres assumed the first Mortgage Note for the amount of $26,103.45 with interest at the rate of 9.50% per annum.  Said Assumption Agreement was constituted by Deed Number 53, dated July 31, 1986, before Notary Public Ignacio Pintado Pintado.

        c) On September 28, 1990, Defendants assumed the first and second Mortgage Notes, and consolidated into a single mortgage note the total amount of $32,793.41 with interest at the rate of 9% per annum.  Said Assumption Agreement was constituted by Deed Number 71 dated September 28, 1990, before Notary Public A. Rivera Valdivieso, and duly recorded at the corresponding section of the Registry of the Property.

        d)  The second Mortgage Note in the amount of $2,000.00 with interest rate at 9% per annum was constituted by Defendants in favor of Plaintiff.  For the purpose of securing the payment of said Mortgage Note, a second Mortgage was constituted for the same amount

CIVIL NO. 04-2258 (JP)           -3-

and under the terms and conditions stipulated and agreed therein, through Deed Number 72 dated September 28, 1990, before Notary Public A. Rivera Valdivieso, and duly recorded at the corresponding section of the Property Registry.

> **URBANA: Solar marcado con el Número F-Diecinueve (F-19) en el Plano de Inscripción de la Urbanización Villas del Cafetal Development Extension, en los Barrios Susúa Baja y Susúa Alta del Municipio de Yauco, Puerto Rico, con una cabida superficial de CUATROCIENTOS VEINTITRES METROS CUADRADOS CON TREINTA Y NUEVE CENTESIMAS DE METRO CUADRADO (423.39 m.c.), en lindes por el NORTE con el Solar F-Veinte (F-20) de esta Urbanización, en una distancia de Veintisiete metros con cuarenta y cuatro centímetros (27.44 m.); por el SUR, con el Solar F-Dieciocho (F-18) de esta Urbanización, en una distancia de Veintiseis metros (26.00 m.); por el ESTE, con la Calle Número Seis (6) de esta Urbanización, en una distancia de Diecinueve metros con sesenta y cinco centímetros (19.65 m.) y por el OESTE, con la Calle Número Cinco (5) de esta Urbanización, en dos (2) alineaciones, una de Ocho metros con cincuenta centímetros (8.50 m.) y otra de Cuatro metros con Veintitrés centímetros (4.23 m.) en simi-arco.**
>
> **Enclava en este solar una estructura tipo gemela dedicada a vivienda, construida de hormigón armado y bloques, sobre la cual existe una servidumbre por signo aparente establecida por la corporación vendedora en la pared que divide dicha estructura de la estructura enclavada en el Solar F-Veinte (F-20) por la colindancia NORTE (pared medianera) pared la cual continuará sirviendo a esta estructura y pertenecerá en común proindiviso en toda su actual extensión y espesor al propietario de esta edificación y al propietario de la edificación colindante.**
>
> **Este solar está afecto a servidumbres según su procedencia.**

Plaintiff's first and second mortgages for the amount of $27,500.00 and $6,500.00, which were consolidated into a first mortgage by the herein defendants through Deed Number 71 dated

CIVIL NO. 04-2258 (JP)          -4-

September 28, 1990, before Notary Public A. Rivera Valdivieso, are recorded at page 111, volume 310 of Yauco, property number 8,493, inscription sixth, at the Registry of the Property of Ponce, Section II, Puerto Rico.

Plaintiff's second mortgage for the amount of $2,000.00 was recorded at page 112, volume 310 of Yauco, property number 8,493, seventh inscription, at the Registry of the Property of Ponce, Section II, Puerto Rico.

4. Defendant owners of record of this property have failed to comply with the terms and conditions of the mortgage contract and have refused to pay the stipulated monthly installments, in spite of Plaintiff's demands and collection efforts.

5. According to the terms and conditions of the mortgage contract, if default is made in the payment of an installment under the note, and said default is not made good prior to the due date of the next installment, the entire principal sum and accrued interest shall at once become due and payable at the option of the holder.

6. Defendants' indebtedness with Plaintiff is:

    1) On the first mortgage note:

    a) $32,288.05 of aggregate principal;

    b) $29,035.36 of interest accrued as of October 27, 2003, and thereafter until its full and total payment, which amount increases at the daily rate of $7.96, plus costs, disbursements and attorneys fees due to the date of sale;

    c) $1,104.00 of subsidy recapture;

CIVIL NO. 04-2258 (JP)          -5-

        d)    plus costs and any other disbursements that have been incurred by Plaintiff according to the terms of the promissory note evidencing the loan and the mortgage deed guaranteeing said loan, attorney's fees, if any, plus property taxes due to the date of sale.

        2)    On the second mortgage note:

        a)    $1,968.94 of aggregate principal;

        b)    $1,765.25 of interest accrued as of October 27, 2003, and thereafter until its full and total payment, which amount increases at the daily rate of $0.49, plus costs, disbursements and attorneys fees due to the date of sale;

        c)    $72.00 of subsidy recapture;

   7. Defendants, as debtors of the amounts prayed for in the Complaint, are hereby ORDERED AND ADJUDGED to pay unto Plaintiff the amounts specified and set forth in the preceding paragraph 6.

   8. In default of the payment of the sums herein specified or of any part thereof within the ten (10) days from the date of entry of this Judgment, said property shall be sold by the Marshal of this Court at public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

   9. The Marshal of this Court shall make the sale mentioned herein in accordance with 28 U.S.C. Section 2001 and Section 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law. The notice of sale shall be published in a newspaper of general circulation once a week during four (4) consecutive weeks. The

CIVIL NO. 04-2258 (JP)          -6-

amount of $27,500.00 (first mortgage) plus $2,000.00 (second mortgage) shall serve as the minimum bid for the first public sale. Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale. Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale. The Marshal of this Court shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court. Such sale shall be subject to the confirmation of this Court. Upon confirmation, the Marshal shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law. Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty (60) days from the confirmation of the public sale.

    10. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

        a) To the payment of all proper expenses attendant upon said sale;

CIVIL NO. 04-2258 (JP)              -7-

   b) To the payments of that part of the indebtedness owed to Plaintiff in the same order and for the amounts specified, and set forth in the preceding paragraph 6;

   c) If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

   d) In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to Plaintiff, Plaintiff shall be entitled to a deficiency judgment against Defendant and shall have execution therefor.

 11. The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

 12. Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall proceed to issue of course all necessary writs to enforce and execute the same.  Fed. R. Civ. P. 77(a).

 **IT IS SO ORDERED.**

 In San Juan, Puerto Rico, this 26th day of January, 2007.

             s/Jaime Pieras, Jr.
              JAIME PIERAS, JR.
            U.S. SENIOR DISTRICT JUDGE